Mr. Justice Hall
delivered the opinion of the Court.
On June 29, 1961, an information was filed, in the District Court of Adams County, wherein plaintiff in error, to whom we refer as Nieto, and four others were charged in a first count with the crime of aggravated robbery, and in a second count with the crime of conspiracy *527 to commit aggravated robbery. The offenses were alleged to have been committed on June 26, 1961, at the Pioneer Liquor Store, 5201 Pecos Street, Adams County, Colorado.
Nieto requested and was granted a separate trial. His trial to a jury culminated in verdicts of guilty on each count.
Nieto filed a motion for a new trial. This motion was denied and, on March 19, 1962, sentence to the State Penitentiary of not less than three years nor more than five years was imposed on the first count and not less than two years nor more than five years was imposed on the second count, “said sentences to be served consecutively.”
Nieto is here by writ of error seeking reversal and a new trial. He urges as reasons for granting the requested relief that:
1. Prejudicial error occurred when the trial court two days before the trial permitted the endorsement of two additional witnesses and refused to grant a continuance. (The two witnesses endorsed were co-defendants who had pleaded guilty to the charges on which Nieto was to be tried.)
2. Though there may have been a robbery, it was not proved to be of the aggravated type, there being no evidence that the victim was afraid or feared for his life.
3. It was error to admit in evidence a tire iron identified as the one in the hands of one of the codefendants and by him brandished over the robbery victim, who, at that time, not of his own choosing, but at the rather persuasive suggestion of the one so armed, was lying on the floor under a threat of “I will kill you if you move.”
4. The trial judge committed error in giving to the jury, after it had deliberated five hours, an additional instruction. The record discloses the fact that at the time this additional instruction was given, Nieto, his counsel and the district attorney were all present. No *528 one voiced objection to further instructing the jury or to the instruction given.
Nieto, prior to trial, had entered a plea of not guilty. At the trial he testified, presumably in his own behalf. His testimony indicates a defense bearing a strong resemblance to a plea of confession and avoidance; the avoidance being predicated on his testimony that he was too drunk at the time and place in question to know what he was doing, too drunk to be answerable for criminal acts. His drunkenness was of the highly voluntary variety, not tainted with “fraud, contrivance, or force of some other person” which might form the basis as “an excuse for any crime or misdemeanor,” as provided by C.R.S. ’53, 40-1-9.
Having read the record and briefs with care, we are persuaded that Nieto’s contentions here are without merit. His guilt was proved beyond a reasonable doubt, with a wide margin to spare.
The judgment is affirmed.
Mr. Justice McWilliams not participating.